IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARMANDO MACHADO, BELINDA MARCHADO, | § § § | |
| *Plaintiffs,* | § § | SA-20-CV-00193-FB |
| vs. | § § | |
| HEATH DYER, U.S. XPRESS, INC., | § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Heath Dyer and Defendant U.S. Xpress Inc.'s Motion for Partial Summary Judgment [#37]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C, and the undersigned has authority to enter a recommendation as to Defendants' Motion for Partial Summary Judgment pursuant to 28 U.S.C. § 636(b)(1)(B).

In reviewing Defendants' motion, the undersigned has also considered Plaintiffs' Response [#38] and Defendants' Reply [#39]. Having considered these written filings, the record in this case, and the governing law, the undersigned **recommends** that Defendants' Motion for Partial Summary Judgment on Plaintiffs' direct claims against Xpress, gross negligence claims against both Xpress and Dyer, and negligence *per se* claim against Dyer [#37] be **GRANTED.** Plaintiffs' claims against Dyer for ordinary negligence and against Xpress for vicarious liability should proceed to trial.

1

### I.  Background

The instant case arises out of a motor-vehicle accident occurring on January 1, 2019, on Loop 410 in San Antonio, Texas.  (Am. Compl. [#33] ¶ 7.)  The case was removed to this Court on February 18, 2020.  (Notice of Removal [#1].)  Plaintiffs Armando and Belinda Machado allege various theories of negligence related to the accident.  According to the Amended Complaint before the Court, Plaintiffs' vehicle was struck by an 18-wheeler operated by Defendant Heath Dyer, and Plaintiffs sustained serious injuries and damages from the collision.  Plaintiffs also bring claims against Dyer's employer, Defendant U.S. Xpress, Inc ("Xpress").  Plaintiff alleges that Dyer, while driving in the course of scope of his employment with Xpress, "failed to control his speed, failed to drive to weather conditions, and failed to take proper evasive action causing him to violently collide[]" into Plaintiffs' car.  (Am. Compl. [#33] ¶ 7.)  Defendants now move for partial summary judgment on Plaintiffs' direct claims against Xpress, their gross negligence claims against Defendants, and their negligence *per se* claim against Dyer.  (Def. Mo. for Part. Sum. J. [#37] ¶ 3.)

### II. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III. Summary Judgment Record

Construing the evidence most favorably to the non-movant Plaintiffs, the summary judgment record establishes the following:

It is undisputed that on January 1, 2019, Plaintiff driver Armando Machado and Plaintiff passenger Belinda Machado were in a 2009 Pontiac G3 and stopped on Loop 410 in a travel lane. (Am. Compl. [#33] ¶ 7; Def. Mo. for Part. Sum. J. [#27] ¶ 1; Crash Report [#38-3], at 2–4.) Dyer was driving a 2015 Freightliner tractor trailer for Xpress on Loop 410 and collided with the Machado vehicle. (*Id.*)

That same day, San Antonio Police Officer Douglas Meynig investigated the collision. (Crash Report [#38-3], at 3.)  In the report, Officer Meynig stated that the weather condition was "extreme fog" and that it was "difficult to see the road due to the fog," which "left the surface wet." (*Id*.)

On September 22, 2020, Dyer testified in a deposition.  (Dyer Depo. [#38-1].)  Dyer testified that he received his commercial driving license in April 2016.  (*Id.* at 6.)  When he joined Xpress, Dyer completed a five-day training on company policy and safety and completed a road test, drug test, and physical.  (*Id.* at 9.)

Regarding the collision at issue, Dyer testified that he remembered "hitting some fog" that "wasn't that bad at first."  (*Id*. at 32.)  "Then," Dyer said, "out of the blue, [the fog] started getting really heavy," and Dyer "hit the brake and instantly [the fog] got really heavy."  (*Id.* at 32–33.)  Right before the collision, Dyer said he "was on the engine brake and standing on [the] brake pedal."  (*Id.*)

The summary judgment record also contains a ten-second clip from Dyer's dashcam footage recorded right before and during the collision.  (CD Exhibit D [#38-4].)  For the first three seconds, Dyer traveled at 70 miles per hour on an empty, foggy highway with dark skies above.  At second four, the fog got heavier, and Dyer hit his brakes.  At second seven, taillights come into view on the highway as Dyer's vehicle slowed to 52 miles per hour.  At second eight, the Machado vehicle came into view right in front of Dyer's vehicle, and Dyer hit the Machado vehicle at around 38 miles per hour.

## IV. Analysis

Plaintiffs assert that Dyer was negligent, negligent *per se*, and grossly negligent in the operation of his vehicle on January 1, 2019.  (Am. Compl. ¶¶ 8, 9, 11.)  Plaintiffs also allege that

Xpress is vicariously liable under the doctrine of *respondeat superior* for Dyer's negligence and allege direct negligence claims against Xpress for negligent hiring; negligent training, supervision, and retention; negligent entrustment, maintenance, and inspection; negligent implementation of a safety program and monitoring; and gross negligence.  (*Id.* ¶¶ 16, 19.) Defendants do not move for summary judgment on Plaintiffs' ordinary negligence claim against Dyer or the vicarious liability claim against Xpress.  However, Defendants contend that the direct negligence claims against Xpress, the gross negligence claims against both Xpress and Dyer, and the negligence *per se* claim against Dyer fail as a matter of law.  The undersigned agrees.

    1) <u>Negligent Training by Xpress</u>

The Court should award summary judgment to Xpress on Plaintiffs' negligent training claim.  The parties agree that Plaintiffs' negligence claims in this diversity case are governed by Texas law.  The Texas Supreme Court has "'not ruled definitely on the existence, elements, and scope of such torts and related torts such a negligent training or hiring.'"  *See JBS Carriers v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 797, 804 n.7 (Tex. 2010)).  The Court has, however, considered evidentiary challenges to jury findings regarding such claims and has required a showing of evidence that the employer's negligence caused the injuries that plaintiffs allege. *Id.*  To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused the plaintiff's injuries.  *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.).

Employers have no duty to train their employees regarding commonly known dangers of driving.  *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 412–13 (Tex. 2009)

5

(holding employers have no duty to train about driving while fatigued); *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that employers have no duty to instruct an employee, who is an experienced driver, "with regard to dangers that are ordinarily incident to driving a vehicle and require no special skills or knowledge other than that expected of all licensed drivers.").

Here, the dangers of driving in heavy fog are known to all licensed drivers, and navigation in such conditions does not require special skills. Plaintiffs argue that because the Federal Motor Carrier Safety Regulations ("FMCSR") and the Texas Commercial Motor Vehicle Drivers Handbook ("TCMVDH") cover how to drive in heavy fog, and because Dyer could not specifically describe his training on driving in fog, Xpress negligently trained him. That the dangers of driving in fog are mentioned in the federal regulations and Texas commercial driver's manual does not mean that Xpress had a duty to train its drivers on the subject. In fact, driving while fatigued is also included as a danger in the FMCSR and TCMVDH,[1] and in *Nabors Drilling*, the Texas Supreme Court held that employers do not have a duty to train their drivers about this commonly known danger either.

Further, even if driving in foggy conditions were not a commonly known danger, and even if Xpress had a duty to train its drivers on driving in foggy conditions, to establish a negligent training claim, Plaintiffs must present evidence that Xpress's failure to train Dyer was the proximate cause for their injuries. In *JBS*, the plaintiffs sued a trucking company directly for negligent training after one of the company's drivers ran over their mother as she walked across the street in front of the truck. *See* 564 S.W.3d at 833. To support this claim, the plaintiffs put forth evidence that the company's training manual indicated three blind spots but did not

---

[1] *See* Fed. Motor Carrier Safety Regs. § 6.3.1; Tex. Com. Motor Vehicle Drivers Handbook § 2.11.

mention a blind spot in front of the truck, as well as the driver's testimony that he could not remember specific training on the blind spot in front of the truck. *Id.* at 842. The plaintiffs asserted that if the driver would have been trained on the front blind spot, he would have known that just because he could not see anything in front of him did not mean that there was nothing there. *Id.* The court of appeals upheld the jury's finding of negligent training crediting plaintiffs' evidence as legally sufficient, but the Texas Supreme Court reversed. *Id.* at 843. The Court found that the record was devoid of any evidence that showed that if the driver had received training about the front blind spot, the accident would not have happened. *Id.* at 843. Thus, there was no evidence that the company's failure to train the driver was the proximate cause of the accident. *Id.* at 843.

Just as in *JBS*, the record in this case does not contain evidence that shows that if Xpress had trained Dyer on how to drive in fog, he would not have collided with Plaintiffs' vehicle. The lack of evidence on this causal connection is fatal to Plaintiffs' negligent-training claim.

In sum, the Court should award summary judgment to Xpress on Plaintiffs' negligent-training claim because employers do not have a duty to train drivers on common dangers like driving in fog, and Plaintiffs failed to present any evidence that Xpress's failure to train Dyer was the proximate cause of their injuries.

2) Negligent Entrustment by Xpress

The Court should award summary judgment to Xpress on Plaintiffs' negligent entrustment claim. The elements of negligent entrustment are: (1) the entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) whom the owner knew or should have known was unlicensed, incompetent, or reckless; and (4) the driver's negligence on the occasion in question; (5) proximately caused the accident. *See Goodyear Tire and Rubber*

*Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). For entrustment to be the proximate cause of an injury, the defendant entruster must have been reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). For example, Texas courts have upheld jury verdicts for negligent entrustment where employers hired drivers without inquiring or checking into their driving records. *See, e.g., Russell v. Ramirez*, 949 S.W.2d 480, 490 (Tex. App.—Houston [14th Dist.] 1997, no writ.); *Southwestern Bell Tel. Co. v. Davis*, 582 S.W.2d 191, 195 (Tex. App.—Waco 1979, no writ.); *Montgomery Ward and Co. v. Marvin Riggs Co.*, 584 S.W.2d 863, 866–67 (Tex. App.—Austin 1979, writ ref'd n.r.e.).

Here, Plaintiffs support their negligent entrustment claim with only circular reasoning. They argue that based on Dyer's driving on the day of the accident, he was a reckless and incompetent driver, and therefore, Xpress entrusted the vehicle to an incompetent and reckless driver. Plaintiffs rely solely on evidence of Dyer's driving on date of the accident at issue and present no evidence of Dyer's alleged recklessness or incompetence prior to the date of the accident. Thus, Plaintiffs have failed to present evidence that Xpress should have been reasonably able to anticipate that an injury could occur by entrusting a vehicle to Dyer. The Court should award summary judgment to Xpress on this claim as well.

3) Gross Negligence of Dyer

The Court should also grant Dyer summary judgment on Plaintiffs' claim of gross negligence. Under Texas law, a plaintiff is entitled to punitive damages upon a showing of gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003. To prevail on a claim of gross negligence, the plaintiff must prove both an objective and subjective component of her claim: (1) that viewed objectively from the standpoint of the defendant at the time of the events underlying this suit, the

act or omission of the defendant involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) that the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  *See* Tex. Civ. Prac. & Rem. Code § 41.001(11); *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury.  *U–Haul Int'l*, 380 S.W.3d at 137 (citations omitted).  The objective prong (the degree of risk) is viewed from the time of the accident, not in hindsight.  *See N. Am. Van Lines, Inc. v. Emmons*, 50 S.W.3d 103, 128 (Tex. App.—Beaumont 2001, no pet.).

As to the subjective component, an act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent.  *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994), *superseded by statute on other grounds as stated in U-Haul Int'l*, 380 S.W.3d 118.  Only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent, i.e., the situation must be "highly dangerous."  *Id*.; *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993).  Thus, a party cannot be liable for gross negligence when it actually and subjectively believes that circumstances pose no risk to the injured party, even if he or she is wrong.  *U–Haul Int'l*, 380 S.W.3d at 141 (citation omitted).  A defendant's subjective mental state can be proven by direct or circumstantial evidence.  *Moriel*, 879 S.W.2d at 23.  There is a high burden to find gross negligence, as "punitive damages are proper only in the most exceptional cases."  *Id*. at 18.

What separates ordinary negligence from gross negligence is the defendant's state of mind; the plaintiff must show that the defendant knew about the peril, but his acts or omissions

9

demonstrate that he did not care.  *See Aguirre v. Vasquez*, 225 S.W.3d 744, 755 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex. 1999)).  Plaintiffs contend that Dyer was grossly negligent in failing to adhere to the FMCSR and TCMVDH provisions regarding driving in fog and that he knew of the extreme risk of driving at his speed in heavy fog but continued to do so anyway.  Even if the undersigned found that Dyer's failure to adequately slow down in heavy fog objectively posed an "extreme risk" to others, Plaintiffs have failed to produce any evidence that Dyer was subjectively aware of or consciously indifferent to the risk involved.

In *Harbin*, the defendant was traveling at 80 m.p.h. at night on a narrow street in a residential area of Dallas.  *Harbin v. Seale*, 461 S.W.2d 591, 594 (Tex. 1970).  The defendant knew he was approaching a curve in the road because he had traveled it many times.  *Id.*  He also knew that there were homes in close proximity to the street.  *Id.*  The defendant unsurprisingly hit the curb and traveled 650 feet after impact.  *Id.*  The Court upheld the jury's finding that the defendant was grossly negligent, finding the controlling evidence to be the defendant's speed, the time of day of the accident, and that the defendant *admittedly* realized the danger as he approached the curve on a narrow street in a residential area and yet continued to drive recklessly.  *Id*.

Whereas the evidence showed the defendant in *Harbin* knew that his driving was dangerous in the moment, Plaintiffs have not submitted similar evidence with regard to Dyer's knowledge.  Plaintiffs point to Dyer's deposition testimony as proof that he knew the danger and did not care, but the testimony reveals that Dyer thought the fog "wasn't that bad at first" but that "out of the blue" the fog got heavy and he "hit the brake and instantly [the fog] got really heavy."  (Dyer Depo. [#38-1], at 32–33.)  Dyer's testimony is not proof that he knew of the danger but

did not care.  As the record does not contain evidence that could support a finding that Dyer was grossly negligent, the Court should award summary judgment on this claim.

    4)  <u>Gross Negligence of Xpress</u>

The Court should award summary judgment to Xpress on Plaintiffs' gross negligence claim.  A corporation may be liable in punitive damages for gross negligence only if the corporation itself: (1) commits gross negligence, (2) authorized or ratified an agent's gross negligence, (3) was grossly negligent in hiring an unfit agent, or (4) committed gross negligence through the actions or inactions of a vice principal.[2]  *Mobil Oil v. Ellender*, 968 S.W.2d 917, 921–22 (Tex. 1998).  Plaintiffs contend that Xpress was grossly negligent because it was aware that extreme weather conditions would be encountered by the drivers at some point, yet it failed to train its drivers on driving in these conditions.  Plaintiffs' theory of corporate liability is unclear, but Plaintiffs' claim best fits into the first category: that Xpress itself committed gross negligence.  Therefore, the same standard for Plaintiffs' claim of gross negligence against Dyer applies here: Plaintiffs must show that Xpress's actions objectively posed an "extreme risk" to the welfare of others and that Xpress subjectively knew of the risk but did not care.  *See U–Haul Int'l*, 380 S.W.3d at 137; *Aguirre*, 225 S.W.3d at 745.

Plaintiffs' gross negligence claim against Xpress is merely a repackaged version of their negligent training claim.  Again, Xpress has no duty to train its employees about commonly known dangers such as fog.  In the absence of such a duty, it cannot be true that Xpress's alleged failure to train Dyer about driving in fog posed an "extreme risk" to the welfare of others.

---

[2] A "vice principal" encompasses corporate officers; those who have authority to employ, direct, and discharge servants of the master; those engaged in the performance of nondelegable or absolute duties of the master; and those to whom the master has confided the management of the whole or a department or a division of the business.  *Mobil Oil v. Ellender*, 968 S.W.2d 917, 922 (Tex. 1998).  No one argues Dyer was a vice principal of Xpress.

Further, Plaintiffs have presented no evidence that Xpress was aware, but did not care, that it had not trained Dyer about driving in fog. Therefore, as the record contains no evidence that Xpress was grossly negligent, the Court should award summary judgment to Xpress on this claim.

5) <u>Plaintiffs' Negligent Hiring Claim Against Xpress; Negligent Supervision, Inspection and Maintenance Claim Against Xpress; and Negligence *Per Se* Claim Against Dyer</u>

Finally, the Court should grant Xpress summary judgment on Plaintiffs' negligent hiring claim as well as its negligent supervision, inspection and maintenance claims, and grant Dyer summary judgment on Plaintiffs' negligence *per se* claim. Plaintiffs' summary judgment response does not address any of these claims.

Pursuant to Western District of Texas Local Rule CV-7-1(e)(2), when a party does not respond to a dispositive motion within fourteen days, the court may grant the motion as unopposed. Because Plaintiffs have failed to respond with regard to these claims, the Court construes Defendants' motion for summary judgment unopposed on these points. Further, the record shows that the Defendants are entitled to judgment as a matter of law on these claims.

An employer is liable for negligent hiring if it hires an incompetent or unfit employee whom it knows was incompetent or unfit—or by the exercise of reasonable care should have known was incompetent or unfit—thereby creating an unreasonable risk to others. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). Even, for example, where an employer fails to conduct a background check on an employee before hiring, the employer is only liable for negligent hiring if there is evidence that something would have been found in the background check that would cause a reasonable employer not to hire the employee. *See, e.g., Fifth Club Inc., v. Ramierez*, 196 S.W.3d 788, 796 (Tex. 2006). Plaintiffs have presented no evidence that Xpress failed to use ordinary care in determining whether Dyer

12

was competent or qualified prior to hiring him.  Thus, Xpress is entitled to summary judgment on this claim.

Plaintiffs have not presented any evidence that Xpress's negligent supervision, inspection, and maintenance caused Plaintiffs' injuries.  Causation is an element of each of these claims.  *See Knight v. City Streets, L.L.C*., 167 S.W.3d 580, 584 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (negligent supervision); *Sanders v. Naes Cent*., 498 S.W.3d 256, 260 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (negligent maintenance and inspection).  Xpress is therefore entitled to summary judgment on these claims as well.

Lastly, Plaintiffs' claim that Dyer committed negligence *per se* in light of Texas Transportation Code § 545.401 fails as a matter of law.  In order to prevail on a theory of negligence *per se*, a plaintiff must first establish that the defendant violated a statue or ordinance.  *Stierwalt v. FFE Transp. Servs., Inc.*, 499 S.W.3d 181, 195 (Tex. App.—El Paso 2016, no pet.).  Here, Plaintiffs assert that Dyer committed negligence *per se* because they allege that he violated section 545.401 of the Texas Transportation Code, which states: "a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."  Plaintiffs have presented no evidence that Dyer drove with "willful or wanton disregard for the safety of others" and therefore have presented no evidence that Dyer violated the Texas Transportation Code and committed negligence *per se*.  The Court should award summary judgment to Dyer on this claim.

## V.  Conclusion and Recommendation

Having considered Defendants' motion, the response and reply thereto, the evidence before the Court, and governing law, the undersigned hereby **recommends** that Defendant Heath Dyer and Defendant U.S. Xpress Inc.'s Motion for Partial Summary Judgment [#37] be

13

**GRANTED**. The Court should award Xpress summary judgment on Plaintiffs' direct negligence and gross negligence claims and award Dyer summary judgment on Plaintiffs' negligence *per se* and gross negligence claims. Only Plaintiffs' ordinary negligence claims against Dyer and vicarious liability claims against Xpress should proceed to trial.

## VI.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of May, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE